STATE of Tennessee, Appellee,

v.

Lacey J. BOBO, Appellant.

Supreme Court of Tennessee,
at Jackson.

Oct. 30, 1995.

federal magistrate's recommendation that *nul-lum tempus* did not apply.

Terry D. Smart and Connie Westbrook, Memphis, for appellant.

Charles W. Burson, Attorney General & Reporter and Kathy Morante, Deputy Attorney General, Nashville, for appellee.

## OPINION

WHITE, Justice.

Three years ago, in *State v. Sensing,* 843 S.W.2d 412 (Tenn.1992), we established admissibility requirements for breath test results offered through the testimony of the testing officer. In this case, we are asked to delete the requirement that the prescribed operational procedure be followed unless it is shown that the failure to follow the procedure worked to defendant's detriment. We decline to do so and reaffirm the unambiguous threshold admissibility requirements set forth in *Sensing.*

## FACTS

Lacey J. Bobo was indicted by the Shelby County Grand Jury for the offense of driving under the influence of an intoxicant and reckless driving. She sought suppression of the results of the breath alcohol test alleging that the operator took an inadequate breath sample. At the suppression hearing, the parties stipulated that the defendant's breath sample was 1.3 liters and that the testing instrument required a minimum sample of 1.5 liters. Specifically, the manual for the ALCOMAT, the testing instrument used, states:

The person being tested must exhale a sample volume equal to 70–80% of his or her lung capacity. Since this can vary greatly from one individual to another (normally between 2.5 and 6 litres) the *volume of 1.5 litres* required by the ALCO-MAT is to be understood as a *minimum,* which can be achieved by healthy people without difficulty. If this condition is not fulfilled the indication " *VOL" will be displayed and the text "SAMPLE VOLUME < 1.5 L" will be printed out on the report.

(emphasis in original).

At the suppression hearing, the state presented Dr. David T. Stafford. Most of Dr. Stafford's testimony was irrelevant to the issue before us. Relevant to our determination, however, is the doctor's opinion that a volume of air less than 1.5 litres would yield a valid test. Dr. Stafford was asked:

Q. You're aware that the manual talks about for a valid test you must have 1.5 litres?

A. Yes, sir.

Q. From a scientific standpoint, do you agree with that?

A. No, sir.

Dr. Stafford's reasoning was that the lesser sample was acceptable because it would yield a lower test result and, consequently, benefit defendant. Finding that the state had failed to establish threshold admissibility of the test result, the trial judge granted defendant's motion to suppress. The Court of Criminal Appeals, however, was persuaded by the state's argument that suppression was not necessary since the deviation from procedure benefitted defendant. Accordingly, the intermediate appellate court reversed the trial court and remanded for trial.

In this case, the trial judge was faced with the common situation of being required to choose between inconsistent evidence. On the one hand, the parties stipulated the admissibility of the manual that invalidated defendant's test result because of an insufficient volume of breath. The instrument printout verified this conclusion. On the other hand, a forensic scientist disagreed with the manual's minimum volume specifications and concluded that defendant's sample was sufficient for a valid test. The judge resolved the controversy by accepting the former evidence over Dr. Stafford's testimony.

This choice was justified in light of the definitive language of the manual, Dr. Stafford's meager experience with the ALCOMAT, and Dr. Stafford's concession that the manufacturers would be more familiar with the instrument's specifications.

In *State v. Sensing,* this Court relaxed the rigorous foundation requirements for the admission of the results of breath alcohol testing. Prior to *Sensing,* the test results had to be introduced by a certified operator who knew the scientific technology of the instrument. *Pruitt v. State,* 216 Tenn. 686, 393 S.W.2d 747 (Tenn.1965). Because modern instruments were perceived as having "nearly infallible accuracy", the Court in *Sensing* relaxed that admission requirement and set out six prerequisites to threshold admissibility. *State v. Sensing,* 843 S.W.2d at 416.

■ First, the testing operator must testify that the test used followed Tennessee Bureau of Investigation standards. Second, the operator must be certified in accordance with those standards. Third, the machine must be certified, tested regularly for accuracy, and working properly. Fourth, the motorist must be personally observed for the requisite twenty minutes before taking the test. Fifth, the operator must follow the instrument's prescribed operational procedure. Lastly, the operator must identify the test results offered in evidence. *Id.* at 418.

It is the fifth prerequisite, that the officer must follow the prescribed operational procedure, which the state urges us to eliminate. In this case, the state stipulated at the suppression hearing, in their brief, and at oral argument that the prescribed operational procedure was not followed.

Notwithstanding this concession, the state argues that the test result should nonetheless be admitted. The procedural deviation, the state contends, should affect the weight not the admissibility of the evidence. This argument turns *Sensing* on its head. *Sensing* established the prerequisites for threshold admissibility of breath alcohol test results. While it relaxed *Pruitt's* more strenuous admissibility requirements, it did not remove all requirements for threshold admissibility. The prerequisites to admissibility in *Sensing* are just that: prerequisites

to admissibility. They are not factors for determining the weight of the evidence.

We decline the state's invitation to eliminate as an admissibility requirement that the testing operator follow the prescribed operational procedure. While in this case, the state argues that deviation from the prescribed operational procedure benefitted defendant, that will not always be the case. Furthermore, who the deviation benefits is irrelevant.

■ Courts admit competent, reliable evidence to assure a fair, just result. Rules of admissibility must be applied uniformly and universally, regardless of the outcome. Here the state failed to meet the threshold requirements for admitting the results of defendant's breath alcohol test. The trial court was correct in suppressing the results. We reverse the Court of Criminal Appeals and remand this case to the trial court for further proceedings consistent with this opinion.

ANDERSON, C.J., and DROWOTA and REID, JJ., and LEWIS, Special Justice, concur.