IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY SESSION, 1998

FILED

February 20, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9704-CC-00152 |
| | ) | |
| Appellee, | ) | |
| | ) | RUTHERFORD COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. JAMES K. CLAYTON, JR., |
| JOHN H. HACKNEY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (DUI) |

FOR THE APPELLANT:

**L. GILBERT ANGLIN**
8 Lincoln Square
1535 West Northfield Blvd.
Murfreesboro, TN 37129

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KAREN M. YACUZZO**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**WILLIAM C. WHITESELL**
District Attorney General

**JOHN W. PRICE, III**
Assistant District Attorney General
303 Rutherford County Judicial Bldg.
Murfreesboro, TN 37130

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, John Harold Hackney, appeals as of right his conviction of first offense DUI following a jury trial in the Circuit Court of Rutherford County. The trial court sentenced Defendant to eleven (11) months and twenty-nine (29) days, with all but four (4) days suspended. In this appeal, Defendant argues that the trial court erred in not suppressing the results of his Intoximeter 3000 test because he was not observed for the requisite twenty minute period prior to administration of the test. We affirm the judgment of the trial court.

On January 12, 1995, Murfreesboro police officer Steve Teeters was on patrol when he noticed a truck weaving back and forth going southeast on Broad Street. Officer Teeters pulled the truck over at 12:06 a.m. Defendant, who was driving, had a passenger, Philip Rainey, with him in the truck. Officer Teeters noted that Defendant smelled of alcohol, had bloodshot eyes, slurred speech, and was somewhat unsteady on his feet. Defendant told Officer Teeters that he had just come from a bar. Defendant consented to perform four field sobriety tests, all of which he failed. Specifically, Defendant was first asked to recite the alphabet, but he could only get to the letter "p." Next, Defendant was asked to perform the foot balancing test which consisted of holding one leg straight out with the heel of the foot about six inches from the ground, while counting from one to twenty. Officer Teeters testified that Defendant did not pass this test despite the fact that he did not have any physical problems that would have affected his performance. Defendant was then asked to do the finger-to-nose test. Defendant's body swayed from side to side and he was unable to ever touch his nose. Finally, Defendant was asked to perform

the heel-to-toe test while counting from zero to nine and then nine back down to zero. Officer Teeters stated that Defendant could not walk heel-to-toe and was unable to count from nine back to zero.

Based on Defendant's driving, appearance, and performance on these tests, Officer Teeters concluded that Defendant was driving under the influence of an intoxicant. Defendant was arrested, handcuffed, and taken to the police department where, according to the time on the video camera located in Teeters' patrol car, he arrived at 12:37 a.m. The parties stipulated to this time.

Defendant was taken to a room at the station where the Intoximeter 3000 was located. He signed a consent form allowing the police to administer the breath test. According to Officer Teeters, Defendant's passenger, Rainey, was left in a larger outer room. Officer Teeters testified that he was with the Defendant and observed him for the requisite twenty minute period prior to administering the breath test. Using the Intoximeter 3000, Officer Teeters administered a breath test at 12:56 a.m., according to the clock in the Intoximeter 3000, which resulted in a blood alcohol reading of .19 percent.

The trial court denied Defendant's Motion to Suppress the breath test results and they were admitted into evidence at trial over the objection of Defendant's counsel.

On appeal, Defendant argues the trial court erred by admitting the breath test evidence, since the State failed to establish that all the prerequisites were met as established in State v. Sensing, 843 S.W.2d 412 (Tenn. 1992). Specifically,

Defendant argues that the officer did not observe Defendant for twenty minutes prior to the administration of the breath test. In Sensing, our supreme court set forth the criteria for the admissibility of breath test results, holding that the testing officer must be able to testify to the following:

> (1) that the tests were performed in accordance with the standards and operating procedure promulgated by the forensic services division of the Tennessee Bureau of Investigation,
>
> (2) that he was properly certified in accordance with those standards,
>
> (3) that the evidentiary breath testing instrument used was certified by the forensic services division, was tested regularly for accuracy and was working properly when the breath test was performed,
>
> (4) **that the motorist was observed for the requisite 20 minutes prior to the test, and during this period, he did not have foreign matter in his mouth, did not consume any alcoholic beverage, smoke, or regurgitate**,
>
> (5) evidence that he followed the prescribed operational procedure,
>
> (6) identify the printout record offered in evidence as the result of the test given to the person tested.

Id. at 416 (emphasis added).

The six requirements in Sensing are mandatory and must be "scrupulously followed." State v. Harold E. Fields, C.C.A. No. 01C01-9412-CC-00438, slip op. at 3, Williamson County (Tenn. Crim. App., Nashville, Apr. 12, 1996) (no Rule 11 application filed). "The prerequisites to admissibility in Sensing are just that: prerequisites to admissibility. They are not factors for determining the weight of the evidence." State v. Bobo, 909 S.W.2d 788, 790 (Tenn. 1995). Further, it is the State's burden to establish compliance with each of the requirements. The Defendant does not bear any burden to show non-compliance. See State v. McCaslin, 894 S.W.2d 310, 312 (Tenn. Crim. App. 1994).

The twenty minute observation requirement of <u>Sensing</u> carries with it two distinct elements. The first is that the State must demonstrate that the Defendant was observed for twenty minutes. An officer may not guess, estimate or approximate the amount of time the subject was under observation. The second element of the requirement is that the State must establish that the subject did not smoke, drink, eat, chew gum, vomit, regurgitate, belch or hiccup during the twenty minutes prior to taking the test. <u>See</u> <u>Sensing</u>, 843 S.W.2d at 417.

According to the video camera clock in the patrol car, Defendant arrived at the station at 12:37 a.m. and according to the Intoximeter 3000 clock, the breath test was administered at 12:56 a.m. However, Officer Teeters testified that there is no effort to synchronize the times between the patrol car camera clocks, the police station clocks, the internal Intoximeter clock or even his own wristwatch. Officer Teeters testified he observed Defendant for the requisite twenty minute period, as required, before administering the breath test.

Officer Teeters also testified that Defendant did not place any substances in his mouth or regurgitate during the observation period. Furthermore, Officer Teeters noted that if an individual regurgitates and the contents from the stomach go into the person's mouth before the test is administered, the Intoximeter would automatically abort the test.

Defendant testified at the suppression hearing and motion for new trial hearing. He asserted that he was handcuffed to a water pipe at the police station, and that while he was handcuffed Officer Teeters left the room to take Phillip Rainey outside to the patrol car before the twenty minute observation period was over and

before the breath test was administered. Defendant also testified that without Officer Teeters' knowledge, he vomited into a garbage can and used one drop of a mint breath freshener during Officer Teeters' absence. Defendant claimed he suffers from ulcers, making it common for him to vomit several times a day. Defendant asserted that he was unaware that these actions could affect the breathalyzer test. Defendant stated that he was later informed by someone with the District Attorney's Office that because he regurgitated, he should not have been given a breathalyzer test, but a blood test instead.

Defendant relies on this Court's opinion in State v. McCaslin. However, in McCaslin, both parties admitted that the defendant was only observed for sixteen minutes before the breath test was administered, thus failing to meet requirement (4) in Sensing. McCaslin, 894 S.W.2d at 311; Sensing, 843 S.W.2d at 416. In McCaslin, it was undisputed that the twenty minute observation period was not followed, and therefore, suppression was appropriate. However, in the case sub judice, the officer testified that he did observe the Defendant for twenty minutes prior to the test. An officer's testimony is sufficient to admit the test results into evidence.

We conclude that Officer Teeters' testimony provided a sufficient basis to allow the results of the breath alcohol test to be admitted. Obviously, the trial judge is in a better position than we are to assess the officer's credibility. Once the trial court has determined threshold admissibility, the submission of the breath test result into evidence is unconditional. The jury, as the trier of fact, has the right then to consider all of the evidence presented and to determine its relative worth. As Sensing indicates, the admission of the test results do not foreclose the defense from calling the results into question before the jury, whether by cross-examination,

presentation of witnesses, or jury argument. 843 S.W.2d at 416. The defense in the instant case vigorously cross-examined Officer Teeters, thereby properly submitting its argument of improper testing to the jury. The trial court even instructed the jury on the required observation period, giving the jury the option of rejecting Officer Teeters' testimony.

In light of all the evidence, we find that the trial court did not err by admitting into evidence the Intoximeter 3000 test results.

Accordingly, the judgment of the trial court is affirmed.

                             _____
                             THOMAS T. WOODALL, Judge

CONCUR:


_____
DAVID H. WELLES, Judge


_____
JERRY L. SMITH, Judge