# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JANUARY 1998 SESSION

**FILED**

March 23, 1998

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9704-CR-00139 |
| | ) | |
| v. | ) | Washington County |
| | ) | |
| JAMES DALE GRINDSTAFF, | ) | Hon. Lynn Brown, Judge |
| | ) | |
| Appellant. | ) | (DUI) |

**FOR THE APPELLANT:**

STEVE McEWEN
Asst. District Public Defender
142 E. Market St.
Johnson City, TN 37601

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

DAVID E. CROCKETT
Dist. Attorney General

MICHAEL LaGUARDIA
Asst. Dist. Attorney General
P.O. Box 38
Jonesborough, TN 37659

**OPINION FILED: _____**

**REVERSED AND REMANDED**

**CURWOOD WITT, JUDGE**

## OPINION

The defendant, James Dale Grindstaff, stands convicted of DUI following trial before a jury of his peers in the Washington County Criminal Court. He asks this court to reverse his conviction based upon the admission of (1) evidence about the horizontal gaze nystagmus test and the results of his performance of that test without proper scientific foundation, and (2) breathalyser test results where the state conceded the arresting officer had not continuously observed the defendant for 20 minutes prior to administration of the test. For the reasons that follow, we agree with the defendant and reverse his conviction and remand for a new trial.

Defendant first complains of the trial court's admission of Trooper Jackie Jones's testimony about the horizontal gaze nystagmus test. Trooper Jones was the arresting officer, and he administered three field sobriety tests, recitation of the alphabet, heel-to-toe walk and turn, and horizontal gaze nystagmus. With respect to the horizontal gaze nystagmus test, the trooper's testimony included the relevance of the test to an officer's determination of whether a suspect is under the influence of alcohol, the mechanics of the test itself, and the results he obtained when he administered the test to the defendant. The defendant claims it was error for the trial court to admit this evidence without first establishing the test's general acceptance in the scientific community for measuring impairment from alcohol consumption.

At the time this case was tried, different panels of this court had reached differing results on this issue.[1] See, e.g., State v. William Thomas Jankowski, No. 03C01-9503-CR-00100 (Tenn. Crim. App., Knoxville, Nov. 15, 1995) (results of three field sobriety tests, including horizontal gaze nystagmus test, were

---

[1] The trial court acknowledged as much in making its ruling on the defendant's motion to suppress. Unfortunately, the trial court agreed with a different panel of this court than did the supreme court when it considered the issue.

not scientific evidence and were properly admitted through an officer's testimony, but court erred in allowing officers to testify to scientific conclusions about percentage content of alcohol in defendant's blood based upon test results absent evidence of record supporting scientific reliability of conclusions and officers' qualifications to render opinions in this respect), perm. app. denied (Tenn. 1996); State v. Cora Murphy, No. 01C01-9412-CC-00401 (Tenn. Crim. App., Nashville, Oct. 6, 1995) (horizontal gaze nystagmus test, unlike other field sobriety tests, is scientific in nature, and evidence regarding it must be predicated upon principles applicable to admission of scientific evidence), aff'd, 953 S.W.2d 200 (Tenn. 1997). Since that time, however, the supreme court has resolved the issue by holding that the horizontal gaze nystagmus tests is a scientific test. Murphy, 953 S.W.2d 200. As our high court observed in Murphy,

> In Tennessee, evidence constitutes "scientific, technical, or other specialized knowledge" if it concerns a matter that "the average juror would not know, as a matter of course. . . ." State v. Bolin, 922 S.W.2d 870, 874 (Tenn. 1996). In our view, the average juror would not know, as a matter of course, that a correlation exists between alcohol consumption and nystagmus. Consequently, testimony concerning the [horizontal gaze nystagmus] field sobriety test constitutes "scientific, technical or other specialized knowledge." As such, it must be offered though an expert witness and must meet the requirements of Tenn[essee] R[ule of] Evid[ence] 702 as explained in McDaniel v. CSX Transportation, 955 S.W.2d 257 (Tenn. 1997).

Murphy, 953 S.W.2d at 203 (footnote omitted).


We find Murphy dispositive of the case at bar. In the case before us, Officer Jones testified about the nystagmus-producing effects alcohol would have on an individual. Although the officer had attended law enforcement training in DUI offender apprehension and the horizontal gaze nystagmus test, the record fails to establish that he was qualified by his "knowledge, skill, experience, training or education" to provide expert testimony to "substantially assist the trier of fact to understand the evidence or determine a fact in issue." Tenn. R. Evid. 702. As such, the trial court should not have admitted his testimony about the horizontal gaze nystagmus test.

3

Moreover, we are unpersuaded by the state's argument that the defendant waived this issue by failing to file a pre-trial motion challenging the admission of the evidence. Recently, the majority of a panel of this court has distinguished cases in which the defendant's challenge is based upon the admission of evidence due to an allegedly illegal search from those where the challenge is based upon an insufficient foundation for admission of scientific evidence. See State v. Willard C. Cook, Jr., No. 01C01-9501-CC-00001 (Tenn. Crim. App., Nashville, Aug. 15, 1997) (Summers, J., concurring and dissenting), reh'g en banc denied (Tenn. Crim. App., Sept. 19, 1997), pet. for perm. app. filed (Tenn., Oct. 16, 1997). The majority in Willard C. Cook, Jr. held that in the former instance, Rule 12(b)(3) of the Rules of Criminal Procedure requires a motion to be made prior to trial in order to preserve for appeal the issue of the propriety of the admission or exclusion of that evidence, while in the latter case, the party without the burden of proof relative to the admissibility of scientific evidence need not file a pre-trial suppression motion but must object at trial to preserve the trial court's ruling on the admissibility of the evidence for appellate review. Willard C. Cook, Jr., slip op. at 6-10 (Summers, J., concurring and dissenting). Though Willard C. Cook, Jr. dealt with the foundational requirements for the admission of scientific evidence of breathalyser results, we find it equally instructive to the horizontal gaze nystagmus tests results in the case at bar.

In the other issue raised by the defendant, he complains of the trial court's admission of evidence that he scored .13 on a breathalyser test. He claims the state failed to meet the conditions to admissibility of such evidence under State v. Sensing, 843 S.W.2d 412 (Tenn. 1992), because Officer Jones failed to observe him for twenty minutes prior to the test. The state claims we should overlook this deficiency because the defendant agreed he did not regurgitate during the requisite 20 minutes.

In Sensing, the supreme court established general foundational

4

requirements for the admissibility of breath tests. Sensing says that the state must establish through the testifying officer that six prerequisites have been met. Sensing, 843 S.W.2d at 416. Relevant to our inquiry here, the officer must testify "that the motorist was observed for the requisite 20 minutes prior to the test, and during this period, he did not have foreign matter in his mouth, did not consume any alcoholic beverage, smoke, or regurgitate." Sensing, 843 S.W.2d at 416; cf. State v. Hunter, 941 S.W.2d 56 (Tenn. 1997) (observation and testing do not have to be done by same officer).

In a case in which the state was unable to establish one of the Sensing prerequisites, the supreme court rejected the notion that the breath test results should nevertheless be admitted and the procedural deficiency should be relegated a factor to be considered in weighing the evidence. See State v. Bobo, 909 S.W.2d 788 (Tenn. 1995). In so holding, the supreme court noted that Sensing "relaxed the rigorous foundation requirements for the admission of the results of breath alcohol testing." Bobo, 909 S.W.2d at 790. However, Sensing established prerequisites to admissibility of breath alcohol results, and it did not remove altogether the requirements for threshold admissibility. "The prerequisites to admissibility in Sensing are just that: prerequisites to admissibility" and not mere factors for determining the weight of the evidence. Bobo, 909 S.W.2d at 790.

Recently, a panel of this court was faced with a situation factually analogous to the case at bar. See State v. Douglas Russell Deloit, No. 01C01-9606-CR-00275 (Tenn. Crim. App., Nashville, Sept. 30, 1997). In Douglas Russell Deloit, the state was unable to establish the Sensing prerequisite that the defendant was continuously observed for 20 minutes before administration of the breath test. That panel interpreted Bobo as prohibiting admission of evidence of breath test results through the testimony of the non-expert testing officer where the state's proof is lacking on one of the Sensing prerequisites. Perhaps more significantly, that panel also said that in the face of a Sensing deficiency, "the state may still use

5

traditional rules of evidence to lay the foundation for admitting the evidence but there is no presumption of reliability." Douglas Russell Deloit, slip op. at 8 (citing Tenn. R. Evid. 702, 703).

By its own admission, the state was unable in the present case to establish the 20 minute prerequisite of Sensing. It did not offer evidence in the form of expert testimony about the technical science of the breath test or its reliability as a scientific means of measuring the breath alcohol concentration of an individual and converting that measurement to blood alcohol concentration. See Sensing, 843 S.W.2d at 416. We are not compelled by the state's argument that we should give it the benefit of the Sensing presumption because the defendant did not regurgitate during the 20 minute period. To do so would disregard both the evidence in this case and the clear mandate of Bobo. The defendant thought he might have belched, and in any event, the burden is on the state if it wishes to avail itself of the Sensing presumption of reliability of the test results. The burden is not on the defendant to establish the presumption should not be applied in the first instance. State v. McCaslin, 894 S.W.2d 310 (Tenn. Crim. App. 1994). Accordingly, the trial court should not have allowed Officer Jones to offer evidence of the defendant's breath test results.

The question that remains is whether the admission of the horizontal gaze nystagmus test and breath test evidence was harmless error. Officer Jones testified both about the scientific tests and about his observations of the defendant which a jury, using its lay knowledge, might interpret as indicative of intoxication. That evidence included the defendant's smelling of alcohol, having bloodshot eyes, slurring his speech and performing poorly on the two field sobriety tests besides the horizontal gaze nystagmus test. On the other hand, the defendant testified he drank two to three beers over a course of 1 to 1-1/2 hours, has only an eighth grade education, has a speech impediment which affects him when he gets excited, has an old leg injury which gave him problems with the heel-to-toe walk and turn test,

6

was wearing cowboy boots, and had driven from Detroit, Michigan to Washington County, Tennessee earlier in the day. Officer Jones testified he did not observe the defendant's vehicle weaving, crossing a line, or otherwise provide an indication the defendant was under the influence.[2] We find the state's evidence minus the erroneously admitted evidence fairly balanced with that favorable to the defendant. Moreover, we find it significant that the state's entire cache of scientific proof was admitted in error. We conclude that the cumulative effect of the erroneous admission of the breathalyser test results and horizontal gaze nystagmus test results more probably than not affected the outcome of the trial. See Tenn. R. App. P. 36(b); Tenn. R. Crim. P. 52(a); cf. Douglas Russell Deloit, slip op. at 15; McCaslin, 894 S.W.2d at 312.

Therefore, we reverse the defendant's DUI conviction and remand this matter for a new trial consistent with this opinion.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____
JOSEPH M. TIPTON, JUDGE

_____

[2]The defendant was stopped for traveling 48 miles per hour in a 45 miles per hour zone.