IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER 1998 SESSION



FILED

December 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9711-CR-00444 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. L.T. LAFFERTY, |
| RONNIE L. GRAHAM, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (DUI) |

**FOR THE APPELLANT:**

**TERRY D. SMART**
371 Carroll Avenue
Memphis, TN  38105

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**J. ROBERT CARTER, JR.**
Assistant District Attorney General
Criminal Justice Complex
201 Poplar Avenue, Suite 301
Memphis, TN  38103-1947

**OPINION FILED:** _____

**REVERSED AND REMANDED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

Defendant was convicted by a Shelby County jury of driving under the influence of an intoxicant in violation of Tenn. Code Ann. § 55-10-401. The trial court fined him $600 and sentenced him to serve 45 days, all but 48 hours suspended, followed by 11 months and 29 days on probation. In cross-appeals the defendant challenges the admissibility of breath alcohol test results from a Siemens Alcomat device; the state challenges the sentence imposed. This court concludes that the test results were erroneously admitted and that the sentence imposed was improper. Thus, we **REVERSE AND REMAND** with the admonition that should defendant be found guilty upon retrial, the proper sentence is 11 months and 29 days with an appropriate portion of that sentence suspended and the balance on probation.

**FACTS**

Defendant was arrested for driving a motor vehicle while under the influence of an intoxicant on June 27, 1996, in Shelby County. He was given a breath alcohol test by Officer Harold Stabe of the Metro DUI Unit using a Siemens Alcomat Breath Testing Instrument. Defendant registered 0.14% BAC.

The trial court denied defendant's pre-trial motion to allow into evidence a letter from the Assistant Director of the Tennessee Bureau of Investigation to Shelby County Sheriff A.C. Gilless denying approval and certification of the Siemens Alcomat Breath Testing Instrument.[1]

---

[1]The letter is dated July 19, 1996, and reads in relevant part:

"As a result of two (2) recent Tennessee Supreme Court rulings regarding the interpretation of TCA § 38-6-103(a); State v. Sensing, (1992) and State v. Bobo, (1995), your office requested a meeting with the TBI to discuss the issue of certification of breath alcohol testing instruments currently utilized in Shelby County by the Metro DUI Unit. At that meeting held April 19, 1996, Mr. Don Strawther and Officer Richard Mills were informed that in order for TBI to certify your instrument, it would have to

2

At trial, Officer Stabe testified about his training to become a member of the Metro DUI Unit, his experience administering breath alcohol tests and his experience testifying in court as to their results. He further testified that he underwent all training on the Alcomat; that maintenance of the machines was another officer's responsibility; and he described the Alcomat's self-testing capability which prevents the acceptance of a breath sample if the machine is not functioning properly. Over defendant's objection, his test result was admitted into evidence based upon Officer Stabe's testimony.

## ADMISSIBILITY OF BREATH TEST RESULT

Defendant charges multiple errors on the part of the trial court. However, his argument basically challenges the admissibility of the breath test result where neither the requirements of State v. Sensing, 843 S.W.2d 412 (Tenn. 1992) nor Tenn. R. Evid. 702 and 703 were met.[2]

---

undergo an evaluation process by TBI Forensic Services Division as every instrument certified by the TBI has done. On May 31, 1996, your office delivered to TBI Forensic Services Division a Siemens Alcomat Breath Alcohol Testing Instrument for scientific appraisal.

"Minimum Standard #6 of TBI's Minimum Standards for the Scientific appraisal of the capabilities of Breath Alcohol Instrument states: 'Substances which are produced endogenously and appear in the breath shall not contribute to the apparent blood alcohol concentration (acetone and ketones, etc.).' The Alcomat instrument would not discriminate an interfering substance (acetone) from ethyl alcohol.

"Based upon the TBI Forensic Service Division Minimum Standards for the Scientific Appraisal of the Capabilities of Breath Alcohol Instruments dated June 1, 1996, the Siemens Alcomat Breath Alcohol Instrument cannot be approved and certified by the TBI. Attached is a copy of a memorandum from Forensic Scientist Supervisor William Heaney, Breath Alcohol Unit, outlining the basis for the decision."

[2]Tenn. R. Evid. 702. If scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise.

Tenn. R. Evid. 703. The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be

In response, the state argues that Shelby County is not required to comply with Sensing and essentially concedes non-compliance with the Tennessee Rules of Evidence standards for expert witnesses. The state asks this court to recognize the reliability of breath alcohol testing devices in general and to create a relaxed standard of admissibility for the Alcomat as did Sensing for the Intoximeter 3000. This, it claims, will "give meaning and purpose to the separate training given to Davidson and Shelby County officers . . . and put Shelby and Davidson Counties on equal footing with other Tennessee counties."

In light of controlling case law, we decline the state's invitation. *See generally*, State v. Bobo, 909 S.W.2d 788 (Tenn. 1995)(interpreting the Sensing standards as threshold prerequisites to admissibility of test results as opposed to factors in determining the weight of evidence), and State v. Deloit, 964 S.W.2d 909 (Tenn. Crim. App. 1997)(requiring the state to establish a proper foundation for admissibility under Tenn. R. Evid. 702 and 703 in the event the Sensing requirements are not met).

Sensing established the now familiar threshold prerequisites for admissibility of breath alcohol testing device results without the benefit of expert testimony. For the test results to be admissible, a testing officer must testify (1) the tests were performed in accordance with TBI standards and operating procedure; (2) he or she was properly certified in accordance with those standards; (3) the instrument used was certified by the TBI, tested regularly for accuracy and working properly when the test was performed; (4) the motorist was observed for 20 minutes prior to the test, and during this period, did not have foreign matter in his mouth, consume any alcohol, smoke, or regurgitate; (5) he or she followed prescribed operational procedure; and (6) identify the printout record as the result of the test given to the person tested. Sensing, 843 S.W.2d at 416.

While noting the fact that Shelby and Davidson Counties do not subscribe to the TBI program, the Sensing court did not endeavor to establish the standards

---

admissible in evidence. The court shall disallow testimony in the form of an opinion or inference if the underlying facts or data indicate lack of trustworthiness.

needed to create a presumption of admissibility in those counties. However, the Tennessee Supreme Court in <u>Bobo</u>, a case out of Shelby County concerning the Alcomat, held that "[t]he prerequisites to admissibility in <u>Sensing</u> are just that: prerequisites to admissibility. They are not factors for determining the weight of the evidence." <u>Bobo</u>, 909 S.W.2d at 790. Intimating that the <u>Sensing</u> requirements were necessary for the admissibility of breath alcohol test results under any and all circumstances, the court referred to the prerequisites as "unambiguous threshold admissibility requirements." <u>Id</u>. at 789.

A panel of this court recently interpreted the <u>Bobo</u> language to mean that the state must comply with the six <u>Sensing</u> prerequisites when it "seeks to admit the test results through the testimony of [a] non-expert testing officer." <u>Deloit</u>, 964 S.W.2d at 914. However, this "would not prevent the state from establishing the more stringent foundation for admission of test results as set out in Tenn. R. Evid. 702 and 703." <u>Id</u>. The court concluded that the state has the option to proceed under either <u>Sensing</u> or Tenn. R. Evid. 702 and 703. <u>Id</u>.

These decisions are dispositive on the issue. There are two ways to procure the admission of breath alcohol test results into evidence: (1) prove that the <u>Sensing</u> requirements are met; or (2) lay a proper foundation for admission by meeting the requirements of Rules 702 and 703 relating to expert testimony.

In this instance, the state met neither standard. Hence, the test result was admitted erroneously.

**HARMLESS ERROR ANALYSIS**

A thorough review of the remaining evidence does not convince us that the admission of the test result was harmless. Other than the breath alcohol test result,

5

there was testimony from the two officers who made the initial stop, Lawrence Evans and Michael McCollum. Evans testified that, at approximately 11:45 p.m., he and his partner observed defendant's car swerving from side to side in its lane. It then straddled two lanes for a short distance before they pulled defendant over.

As they approached the car, defendant got out. He was unsteady on his feet, had bloodshot eyes, and a strong odor of an intoxicant about his body. Defendant admitted having two drinks at a nearby bar and agreed to submit to a field sobriety test.

Evans administered several field sobriety tests but only recalled details about the Horizontal Gaze Nystagmus (HGN).[3] However, in Evans' opinion, defendant did poorly enough on all the tests to warrant calling a Metro DUI Unit to the scene for a more thorough evaluation of defendant's condition.

McCollum testified defendant had a strong odor of alcohol about him, and his speech seemed slurred. In combination with the field sobriety tests conducted by Evans, McCollum agreed that a Metro DUI Unit should be called to the scene.

When Officer Harold Stabe arrived, Evans and McCollum turned defendant over to him. Officer Stabe's interaction with defendant was videotaped. The tape was introduced into evidence at trial and is part of the record. It shows defendant completing another series of field sobriety tests; some successfully, but not others.

Based upon this evidence, we are unable to conclude that the admission of the breath alcohol test result was harmless error. Whether defendant was in violation of T.C.A. § 55-10-401 is an issue for a jury to determine with proper evidence.

**SENTENCING**

As a result of defendant's conviction for driving under the influence, the trial court ordered him to pay a $600 fine and sentenced him to 45 days of incarceration,

---

[3]This evidence will be inadmissible upon a retrial. *See* State v. Murphy, 953 S.W.2d 200 (Tenn. 1997).

all but 48 hours suspended, followed by 11 months and 29 days of probation.

The statutes in effect at the time of this offense established 11 months and 29 days as the maximum sentence allowed for anyone convicted of DUI. Tenn. Code Ann. § 55-10-403(a)(1). Subsection (c) provides that DUI offenders be "required to serve the difference between the time actually served and the maximum sentence on probation."

A panel of this court in State v. Combs, 945 S.W.2d 770 (Tenn. Crim. App. 1996), concluded that § 55-10-403(c) "in effect, *mandates a maximum sentence* for DUI, with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended." Combs, 945 S.W.2d at 774 (emphasis added). Another panel of this court, citing Combs, reached a simlar result. State v. David Moss, C.C.A. No. 02C01-9610-CC-00365, Lauderdale County (Tenn. Crim. App. filed November 18, 1997, at Jackson).

We conclude that the sentence imposed in this case was improper. Trial courts must sentence defendants found guilty of misdemeanor DUI to 11 months and 29 days.[4] Discretion may then be used to suspend whatever non-mandatory time is appropriate. The balance shall be served on probation.

**CONCLUSION**

Based upon the foregoing, the judgment of the trial court is reversed and this matter remanded for a new trial.

---

[4]A fourth or subsequent DUI is a Class E felony. Tenn. Code Ann. § 55-10-403(a)(1).

_____
    **JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**PAUL G. SUMMERS, JUDGE**


_____
**DAVID H. WELLES, JUDGE**