# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## OCTOBER 1999 SESSION

**FILED**

**January 18, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | #M1999-02057-CCA-R3-CD |
| | ) | C.C.A. No. 01C01-9906-CC-00216 |
| Appellee, | ) | |
| | ) | Lawrence County |
| vs. | ) | |
| | ) | |
| **ALARIC BARRET CROUCH,** | ) | Hon. Robert L. Jones, Judge |
| | ) | |
| Appellant. | ) | (Certified Question of Law) |
| | ) | |

**FOR THE APPELLANT:**
**J. DANIEL FREEMON**
Attorney at Law
P.O. Box 27
Lawrenceburg, TN 38464

**FOR THE APPELLEE:**
**PAUL G. SUMMERS**
Attorney General & Reporter

**MARVIN E. CLEMENTS, JR.**
Asst. Attorney General
425 Fifth Ave. North
2d Floor, Cordell Hull Bldg.
Nashville, TN 37243-0493

**T. MICHAEL BOTTOMS**
District Attorney General

**JAMES G. WHITE**
Asst. District Attorney General
P.O. Box 459
Lawrenceburg, TN 38464-0459

OPINION FILED:_____

**APPEAL DISMISSED**

**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The defendant, Alaric Barret Crouch,[1] pleaded guilty to driving under the influence but reserved, with the consent of the state and the trial court, a certified question of law for appeal. See Tenn. R. Crim. P. 37(b)(2)(i), (iv). In this appeal of that certified question, Crouch claims the arresting officer did not observe him for twenty minutes prior to giving him a breathalyzer test, a prerequisite for breath-test result admissibility under State v. Sensing, 843 S.W.2d 412, 416 (Tenn. 1992). Upon review, we find the record deficient of proof that the certified question of law is dispositive of the case. As such, we are without jurisdiction to consider the issue and must dismiss this appeal.

On the evening of January 26, 1997, Deputy James Forrest of the Lawrence County Sheriff's Department was on patrol when he received a call from two reserve officers who had observed a vehicle swaying in the lanes of the road. The reserve officers were otherwise occupied, and Deputy Forrest responded. Deputy Forrest observed the vehicle leave its lane "several times" and nearly strike another patrol vehicle. Deputy Forrest stopped the vehicle, which the defendant was driving. The deputy administered unspecified field sobriety tests, and as a result of those tests, asked the defendant to submit to a breathalyzer test. Thereafter, Deputy Forrest took the defendant into custody and transported him to the jail, where the breathalyzer test was administered.

The defendant was charged with driving under the influence, and in pretrial proceedings, he filed a motion to suppress the results of the breath test. At a hearing on the motion, the defendant claimed that Deputy Forrest had not observed the defendant for twenty minutes prior to administering the test, and therefore, the test results were inadmissible. See Sensing, 843 S.W.2d at 416; see also State v. Bobo, 909 S.W.2d 788 (Tenn. 1995). The trial court ruled that the deputy had monitored the defendant closely enough for the requisite time period to satisfy the threshold for admissibility of the test results. Thereafter, the defendant entered a guilty plea and reserved the issue as a certified question of law.

---

[1]The defendant's name also appears as "Alaric Barnett Crouch" in the record. In accord with our custom, we refer to the defendant as his name appears in the charging instrument.

In State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), the supreme court spoke to the manner for properly preserving a certified question for appellate review.

> Regardless of what has appeared in prior petitions, orders, colloquy in open court and otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by the defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by the defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question of law, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. *Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified.* No issue beyond the scope of the certified question will be considered.

Id. at 836-37 (quoting State v. Preston, 759 S.W.2d 647, 650) (Tenn. 1988)) (original emphasis omitted and emphasis added).


With respect to the question of the dispositive nature of the issue, the supreme court has also said

> Before reaching the merits of a certified question, the appellate courts must first determine that the district attorney general and the trial judge have found the certified question to be dispositive of the case and then determine if the record on appeal demonstrates how that question is dispositive of the case. State v. Jennette, 706 S.W.2d 614, 615 (Tenn. 1986). If the appellate court does not agree that the certified question is dispositive, appellate review should be denied.

Preston, 759 S.W.2d at 651 (order on petition for rehearing). If the certified question of law is not dispositive of the case, this court will not assume jurisdiction of the matter upon mere agreement of the parties and the trial court. State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

Unfortunately for the defendant at bar, the record fails to demonstrate that the certified question is dispositive of the case. First, the record contains evidence of the defendant's intoxication which is independent of the breathalyzer results. In particular, Deputy Forrest observed the defendant engaged in aberrant driving. The deputy administered field sobriety tests, and the defendant performed poorly.[2] Second, even if the state could not fulfill the prerequisites to breath test admissibility of Sensing, the state could nevertheless offer the results into evidence if it could fulfill the foundational requirements of Tennessee Rules of Evidence 702 and 703. See State v. Deloit, 964 S.W.2d 909 (Tenn. Crim. App. 1997). The record before us demonstrates neither the inadmissibility of the independent evidence of the defendant's intoxication nor the inability of the state to admit the breath test results under Rules 702 and 703.

The defendant has the burden of seeing that a record is prepared for this court which demonstrates the dispositive nature of the question certified. Pendergrass, 937 S.W.2d at 836-37; Tenn. R. App. P. 24(b). In the case at bar, the record does not so demonstrate. In fact, it tends to indicate the contrary.

Accordingly, this court is without jurisdiction to entertain the merits of the defendant's certified question. The appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:


_____
JOE G. RILEY, JUDGE



_____
THOMAS T. WOODALL, JUDGE

_____

[2]The specific nature of these tests and of the defendant's performance on them is not revealed in the record.